UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-23689

LENNYS F. SULBARAN,

    Plaintiff,

vs.

HERRERA TIRE SERVICE, INC d/b/a
LOS PRIMOS TIRE SERVICES and
FRANCISCO E. HERRERA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Lennys F. Sulbaran, sues Defendants, Herrera Tire Service, Inc. d/b/a Los Primos Tire Services and Francisco E. Herrera, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Lennys F. Sulbaran**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Herrera Tire Service, Inc.,** is a *sui juris* Florida for-profit corporation that operated under the registered fictitious name of d/b/a Los Primos Tire Services, and conducted its automotive / tire business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business and owed real property.

3. **Defendant, Francisco E. Herrera,** was at all times material an owner/officer/director of the corporate Defendant, for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Lennys F. Sulbaran, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

8. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10. Defendants were at all times material engaged in interstate commerce in the course of their provision of automotive tire and repair services using tires, stems, valve caps, automotive parts, fluids, adhesives, lubricants, goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendants also sell tires, valves, goods, materials, and supplies that previously traveled in interstate commerce.

12. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 per year and/or in excess of $125,000 for each fiscal quarter during the preceding three years.

15. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

16. Plaintiff was a non-exempt employee of Defendants.

17. Plaintiff consents to participate in this lawsuit.

18. During this time, Plaintiff regularly and routinely utilized telephones, cellular telephones, computers, computer networking equipment, and other goods and supplies that moved through interstate commerce.

19. Plaintiff also regularly and recurrently exchanged communications outside of the State of Florida with vendors and customers, as well as by regularly and recurrently conducting electronic transmissions of emails, online transactions, and credit card processing.

20. Plaintiff worked for Defendants from about July 28, 2018 through June 19, 2020.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

22. Defendants paid Plaintiff a rate of $15/hour for each hour worked.

23. Defendants would automatically deduct thirty minutes for each day that she worked, regardless of whether Plaintiff worked that time or not.

24. Defendants paid Plaintiff entirely in cash until April 2019.

25. Starting in April 2019, Defendants paid Plaintiff for the hours that she worked from Monday through Friday by check, and then paid her for time that she worked on Saturdays in cash.

26. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

27. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for all of the hours that she worked beyond 40 hours in a given workweek.

28. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

30. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Lennys F. Sulbaran, demands the entry of a judgment in her favor and against Defendants, Herrera Tire Service, Inc. d/b/a Los Primos Tire Services and Francisco E. Herrera, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434

Plaintiff, Lennys F. Sulbaran, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

31. Plaintiff performed worked for Defendants during calendar year 2019.

32. Each of the Defendants had an obligation to provide correct information returns to the IRS and to the Plaintiff.

33. Defendants paid Plaintiff and so are directly responsible for and knowledgeable of the issuance of checks to Plaintiff, the payment of cash to Plaintiff, the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for each calendar year during which she performed work for Defendants, and the filing of correct information returns on own behalf of the corporate Defendant.

34. Defendants paid Plaintiff by check for most of the hours she worked commencing in April 2019.

35. Defendants paid Plaintiff in cash for the wages that she earned from them until April 2019.

36. Beginning in April 2019, Defendants paid Plaintiff part of her wages by check and the remaining wages in cash.

37. Defendants did not include the wages that they paid to Plaintiff in cash in any information returns identifying the wages earned by (or paid to) Plaintiff, including the Form W-2 that Defendants filed with the IRS for Plaintiff for calendar year 2019.

38. Defendants willfully and intentionally filed a fraudulent and/or false IRS Form W-2 for calendar year 2019 by underreporting the amount they paid to Plaintiff during that year by failing to include all of the wages they paid to her during that calendar year (*i.e.*, not including the cash paid as wages).

6

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

39. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2019 caused by Defendants' intentional and willful acts as described above.

40. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Lennys F. Sulbaran, demands the entry of a judgment in her favor and against Defendants, Herrera Tire Service, Inc. d/b/a Los Primos Tire Services and Francisco E. Herrera, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendants;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c. That Plaintiff recover all interest allowed by law; and

d. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Lennys F. Sulbaran, demands a trial by jury of all issues so triable.

Respectfully submitted this 3rd day of September 2020,

                                              s/Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq.
                                              Fla. Bar No. 174742
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              7300 N. Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:   305.230.4884
                                              *Counsel for Plaintiff*